UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| LYNNE T. DRIZEN, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 1:12-CV-11180-RWZ |
| vs. ) | |
| ) | |
| STEPHANIE L. KWEI, PAUL G. RUFF, ) | |
| IV, and SANOFI-AVENTIS U.S. LLC, ) | |
| ) | |
| Defendants. ) | |

RWZ [ASSENTED TO PROPOSED] ORDER

WHEREAS on November 6, 2013, Defendant Sanofi-Aventis U.S. LLC ("Sanofi") filed a motion for summary judgment and supporting documents asserting that Plaintiff Lynne Drizen's claims against Sanofi were preempted under federal law and due to be dismissed with prejudice;

WHEREAS Sanofi's motion and accompanying memorandum argued that dismissal was required because:

1. The medical device at issue, Sculptra®, was approved by the Food and Drug Administration ("FDA") through the Premarket Approval ("PMA") process;

2. FDA's approval of Sculptra® through the PMA process has never been revoked, suspended or otherwise interrupted since it was approved on August 3, 2004;

3. Each claim asserted by Plaintiff against Sanofi is preempted under *Riegel v. Medtronic*, 552 U.S. 312 (2008) and/or *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001); and

4. Plaintiff's allegations did not assert any "parallel" claims against Sanofi which escape preemption.

WHEREAS on January 17, 2013, Plaintiff filed a response to Sanofi's memorandum of law acknowledging that Sanofi's motion was due to be granted on the merits and that the claims against Sanofi only should be dismissed with prejudice; and

WHEREAS no opposition was filed to Sanofi's motion by either co-Defendant Stephanie, L. Kwei, M.D. or co-Defendant Paul G. Ruff, IV, M.D.;

**IT IS HEREBY ORDERED:**

(1) Based on the Court's analysis of the pleadings in this case, Sanofi's motion and supporting memorandum, Plaintiff's response to Sanofi's motion, and relevant case law, there are no genuine issues of material fact and Sanofi is entitled to judgment as a matter of law;

(2) Sanofi's motion for summary judgment is therefore granted on the merits;

(3) Any and all claims against Sanofi are dismissed with prejudice, each party to bear their own attorneys' fees and costs; and

(4) Pursuant to Fed. R. Civ. P. 54(b), the Court finds that the instant matter satisfies the criteria for entry of a final judgment as to the claims asserted against Sanofi. There are no cross-claims or third-party claims pending against Sanofi, and the Court finds that there is no just reason for delaying entry of final judgment as to Sanofi in this matter. Final judgment is therefore entered as to Sanofi.

**IT IS SO ORDERED** this 21st day of January, 2014.

_____
Honorable Rya W. Zobel

2353931.1